FILED

August 26, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 10:58 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | |
|---|---|
| Thomas Lee, | ) Docket No.: 2015-08-0247 |
| Employee, | ) |
| v. | ) State File No.: 77260-2014 |
| Federal Express Corporation, | ) |
| Employer. | ) Judge Jim Umsted |

## COMPENSATION HEARING ORDER

This case came before the undersigned Workers' Compensation Judge for a Compensation Hearing under Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether the employee, Thomas Lee, sustained a work-related left-shoulder injury while working for employer, Federal Express Corporation. The central legal issues are: (1) whether Mr. Lee sustained a compensable left-shoulder injury, arising primarily out of and in the course and scope of his employment with Federal Express; (2) whether Mr. Lee is entitled to payment of unauthorized, past medical expenses; (3) whether Mr. Lee is entitled to continued medical treatment for his left shoulder; and (4) whether Mr. Lee is entitled to permanent disability benefits, and if so, in what amount. For the reasons set forth below, the Court holds Mr. Lee has not established by a preponderance of the evidence that he sustained a compensable injury arising primarily out of and in the course and scope of his employment such that he would be entitled to the requested medical and permanent disability benefits.

### History of Claim

The following facts were established at the Compensation Hearing held on August 15, 2016. Mr. Lee is a sixty-seven-year-old resident of Brandon, Mississippi who worked in Federal Express' audio-visual department for approximately twenty-three years. While the specific date of his injury is in question, Mr. Lee testified he sustained a work-related injury to his left shoulder after moving a heavy case at work.[1] According to Mr. Lee, he reported his injury to his direct supervisor, Glenn Davis, the day following his injury, but he told Mr. Davis he did not want to file a workers' compensation claim.

---

[1] Mr. Lee initially reported an injury date of August 6, 2014. However, at the Compensation Hearing, he testified the injury occurred on July 24, 2014, the date Target delivered stools to Federal Express for an event.

1

After his injury, Mr. Lee sought medical treatment from various unauthorized medical providers.[2] He initially presented to his primary care physician at Baptist Medical Group (BMG) with complaints of left shoulder pain that began three weeks prior to his August 4, 2014 visit. He denied any falls or trauma during that visit.

Two days later, on August 6, 2014, Mr. Lee sought treatment at Campbell Clinic. He described a gradual onset of left-shoulder pain that he specifically indicated was not related to work. Physician's Assistant Tasha Sabino diagnosed him with biceps tendinitis and ordered physical therapy and a steroid injection. When his symptoms did not improve, P.A. Sabino referred him to Dr. Patrick Toy for further evaluation.

After evaluating Mr. Lee on September 15, 2014, Dr. Toy diagnosed him with left-shoulder rotator cuff tendinopathy and ordered an MRI of his left shoulder. The MRI revealed severe tendinosis of the supraspinatus and subscapularis but showed a normal long biceps tendon. On September 29, 2014, Dr. Toy referred Mr. Lee to Dr. Santos Martinez to discuss possible PRP injections and instructed Mr. Lee to follow up as needed. The next day, Mr. Lee filed a claim with Federal Express for workers' compensation benefits.

When Mr. Lee saw Dr. Martinez for the first time on October 9, 2014, he described straining his left shoulder while moving a case (of audio equipment) at work. Dr. Martinez administered a steroid injection and ordered additional physical therapy but did not recommend the PRP injections at that time. Dr. Martinez last saw Mr. Lee on November 20, 2014. However, during a physical therapy appointment on December 9, 2014, Mr. Lee advised both his shoulders hurt after working on his new stove at home.

Three months later, on March 9, 2015, Mr. Lee returned to Dr. Toy, complaining of significant pain in his left shoulder. Since Mr. Lee had exhausted all conservative treatment, Dr. Toy recommended surgery. Dr. Toy performed surgery on March 23, 2015, and during the surgery, he found free edge tearing of the labrum as well as a high-grade partial tear of the biceps anchor. After providing post-operative treatment, Dr. Toy released Mr. Lee from care on June 15, 2015.

The physicians who evaluated Mr. Lee provided conflicting medical testimony about the cause of his injuries. Dr. Toy testified in his deposition that he saw nothing in his notes suggesting the partial tear in Mr. Lee's biceps tendon was related to his work. (Ex. 2 at 42.) He also noted that Mr. Lee's September 2014 MRI showed no injury to the biceps tendon and suggested Mr. Lee could have sustained another injury between the date of his MRI and his surgery. (Ex. 2 at 31-32.) He further testified the labral tearing was "probably related to wear and tear over time." (Ex. 2 at 42-43.) Dr. Toy indicated

---

[2] Prior to his alleged work injury, Mr. Lee mentioned a week-long history of left arm pain when he attended a follow-up appointment at Baptist Medical Group on July 9, 2014. His medical provider diagnosed him with biceps tendinitis.

2

Mr. Lee had full range of motion in his shoulder upon examination on June 15, 2015, and would have "a minimal impairment rating" under the AMA Guidelines. (Ex. 2 at 35, 42.)

To the contrary, deposition testimony of Dr. Apurva Dalal suggested the biceps tendon injury was related to Mr. Lee's work. Dr. Dalal performed an independent medical evaluation (IME) of Mr. Lee on May 20, 2015, and opined "with more than ninety-percent certainty" that "when he tried to lift that audio equipment his biceps tendon ruptured." (Ex. 3 at 10, 15-16.) Dr. Dalal testified Mr. Lee retained a permanent disability rating of seven percent to the body as a whole due to range of motion deficits he noted during the evaluation. (Ex. 3 at 18-19.)

Mr. Lee testified he returned to work for Federal Express but recently retired for reasons unrelated to his alleged work injury. He further testified he continues to have left-shoulder pain and has trouble performing duties related to his personal photo-scanning business. He asked the Court to order Federal Express to provide a panel of physicians for continued medical treatment for his shoulder. He also asked for payment of past medical expenses and permanent disability benefits.

Federal Express presented no competing testimony to oppose Mr. Lee's description of his left-shoulder injury, but it did point out that Mr. Lee originally reported his date of injury as August 6, 2014, and denied the injury was work related when he initially presented to Baptist Medical Group and Campbell Clinic. Furthermore, it suggested Mr. Lee might have sustained a new injury in December 2014, when he attempted to move his new stove at home. Federal Express argued that Dr. Toy's causation opinion should hold more weight since he actually treated Mr. Lee's shoulder, whereas Dr. Dalal only performed a one-time IME. Accordingly, based on the medical proof presented, Federal Express maintained Mr. Lee had not met his burden of proving his left-shoulder injury primarily arose out of and in the course and scope of his employment.

## Findings of Fact and Conclusions of Law

### General Legal Principles

Mr. Lee has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). "[A]t a compensation hearing where the injured employee has arrived at a trial on the merits, the employee must establish by a preponderance of the evidence that he or she is, in fact, entitled to the requested benefits." *Willis v. All Staff,* No. 2014-05-0005, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2015) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence."). In this case,

3

the Court must interpret the Workers' Compensation Law fairly, impartially, and without favor for either Mr. Lee or Federal Express. Tenn. Code Ann. § 50-6-116 (2015).

*Compensability of Mr. Lee's Injuries*

The Court must first address whether Mr. Lee satisfied the burden of proving he sustained a compensable, work-related, left-shoulder injury. To be compensable under the Workers' Compensation Law, an injury must arise primarily out of and occur in the course and scope of the employment; be caused by an incident or specific set of incidents; and be identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14) (2015).

There is a conflict in opinion among the physicians who testified. Dr. Toy noted he saw nothing in his notes suggesting Mr. Lee's injury related to his work. However, Dr. Dalal testified Mr. Lee's injury occurred at work when he tried to lift audio equipment. The Court finds these conflicting medical opinions are the result of Mr. Lee providing a different history of injury to each physician.

At the Compensation Hearing, Mr. Lee testified his left shoulder injury occurred at work on July 24, 2014. However, according to medical records, about two weeks before this alleged injury date, he sought medical treatment at BMG for left arm pain. He again sought treatment for left-shoulder pain at BMG on August 4, 2014, which he claimed began about three weeks earlier without falls or trauma. Two days later, on August 6, 2014, he sought treatment at Campbell Clinic for a gradual onset of left-shoulder pain he advised was not related to work. To the contrary, Dr. Dalal, who performed an IME on May 20, 2015, at the request of Mr. Lee, relied on the history provided by Mr. Lee that he sustained his injury at work.

The Court finds Mr. Lee provided inconsistent statements when describing how his left-shoulder pain began, and it would be speculative for the Court to accept Mr. Lee's current explanation that it occurred at work. Therefore, based upon the evidence and the applicable legal principles, the Court holds Mr. Lee failed to satisfy the burden of proving his left-shoulder injury arose primarily out of and in the course and scope of his employment. This decisive issue having been determined, the Court need not rule on any other issues. Accordingly, it is the Court's determination Mr. Lee is not entitled to the requested benefits.

IT IS, THEREFORE, ORDERED that the claim of Mr. Lee against Federal Express for the requested medical and permanent disability benefits be denied.

The filing fee of $150.00 for this cause is taxed to Federal Express under Rule 0800-02-21-.07 (2015) of the Tennessee Compilation Rules and Regulations. Federal Express additionally shall prepare and file a statistical data form within ten business days

4

of the date of this order, pursuant to Tennessee Code Annotated section 50-6-244 (2015).

**ENTERED this the 26th day of August, 2016.**

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Compensation Hearing Order to appeal the decision to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal your case to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty calendar days* of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3. Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. Alternatively, the party filing the

appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the Workers' Compensation Judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the party who filed the notice of appeal shall have fifteen calendar days after the issuance of the docketing notice to submit a brief to the Appeals Board for consideration. Any opposing party shall have fifteen calendar days after the filing of the appellant's brief to file a brief in response. No reply briefs shall be filed. Briefs shall comply with the Practice and Procedure Guidelines of the Workers' Compensation Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03(6) (2015).

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, this Order will become final by operation of law thirty (30) calendar days after entry, pursuant to Tennessee Code Annotated section 50-6-239(c)(7).**

# APPENDIX

Technical record:
- Petition for Benefit Determination, filed July 9, 2015;
- Dispute Certification Notice, filed July 31, 2015;
- Request for Initial Hearing, filed September 10, 2015;
- Initial Hearing Order, issued October 21, 2015;
- Amended Initial Hearing Order, issued May 2, 2016;
- Federal Express' Statement Concerning Witnesses, filed July 19, 2016;
- Federal Express' Statement Concerning Exhibits, filed July 19, 2016;
- Federal Express' Pre-Hearing Statement, filed August 1, 2016;
- Mr. Lee's Pre-Trial Brief, filed August 8, 2016;
- Mr. Lee's Pre-Hearing Statement, filed August 9, 2016; and
- Dispute Certification Notice, filed August 11, 2016.

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Compensation Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Stipulated Findings of Facts of the Parties:
- Mr. Lee is sixty-seven years of age.
- Mr. Lee has completed the 12th grade and has obtained a high school diploma.
- Mr. Lee did not receive any temporary disability benefits.
- Mr. Lee has returned to work for Federal Express, earning the same or greater wages as he was earning prior to the injury.
- Mr. Lee's average weekly wage is $1,997.54, which entitles him to a weekly compensation rate of $932.80, subject to the state maximum rate for permanent disability benefits.
- Federal Express filed a Notice of Denial on February 6, 2015.

Stipulated Conclusions of Law of the Parties:
- The claim is governed by the Workers' Compensation Laws for the state of Tennessee.
- An employment relationship existed between the Mr. Lee and Federal Express at all relevant times.
- Mr. Lee filed a Petition for Benefit Determination within the applicable statute of limitations.

Exhibits:
- EXHIBIT 1: Deposition transcript of Dr. Santos Martinez;

- EXHIBIT 2: Deposition transcript of Dr. Patrick Toy;
- EXHIBIT 3: Deposition transcript of Dr. Apurva Dalal;
- EXHIBIT 4: Collective exhibit of medical records filed by Employer on June 30, 2016;
- EXHIBIT 5: Form C-20 Employer's First Report of Work Injury or Illness
- EXHIBIT 6: Form C-41 Wage Statement;
- EXHIBIT 7: Target Shipping Confirmation, dated July 24, 2014;
- EXHIBIT 8: Email from Glenn Davis, dated January 8, 2015;
- EXHIBIT 9: Employee's Workers' Compensation Questionnaire;
- EXHIBIT 10: Campbell Clinic Intake Form, dated August 6, 2014; and
- EXHIBIT 11: Campbell Clinic Intake Form, dated October 9, 2014.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the __26th__ day of August, 2016.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|------|----------------|---------|-----------|---------------|
| Steve Taylor, Employee's Attorney | | | X | staylor@tcmfirm.com |
| Jonathan L. May, Employer's Attorney | | | X | jmay@lewisthomason.com |

Penny Shrum, Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov